```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOANNE PHELPS,

                                Plaintiff
v.                                                06-CV-0491T
                                                  DECISION
MICHAEL ASTRUE,                                   and ORDER
Commissioner of Social Security,

                                Defendant
_____
```

## INTRODUCTION

Plaintiff Joanne Phelps ("Phelps") brings this action pursuant to the Social Security Act, codified at 42 U.S.C. § § 405(g) and 1383(c)(3), seeking review of the final decision of the Commissioner of Social Security ("Commissioner"), denying her application for Disability Insurance Benefits.  On May 10, 2007, the defendant moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Plaintiff opposes defendant's motion, and seeks remand of this case on grounds that the ALJ who conducted the administrative hearing in this case committed several errors of law. For the reasons that follow, deny defendant's motion for judgment on the pleadings, and remand this action to the Commissioner for further development of the medical record.

## DISCUSSION

The Social Security Act grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits.

42 U.S.C. § 405(g), The Commissioner's determination may only be reversed if it is not supported by substantial evidence contained in the record, or, if there has been a legal error. Grey v. Heckler, 721 F.2d 41, 44 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

In the instant case, I find that the ALJ committed legal error by failing to inform the plaintiff, who appeared pro se before him, of her right to cross examine the vocational expert. See Alvarez v. Bowen, 704 F.Supp. 49, 52 (S.D.N.Y., 1989)(ALJ committed error by failing to inform pro se claimant of right to cross examine witnesses). Moreover, although the ALJ states in his decision that he informed the plaintiff of her right to obtain counsel for purposes of prosecuting her case before the ALJ, there is no indication in the hearing transcript that plaintiff was informed--on the record--of this right. See Cates v. Apfel, 1999 WL 376866, *7 (E.D.N.Y., February 05, 1999)("An ALJ is required to secure a claimant's informed choice regarding representation on the record as well as enter into the record the acknowledgment letter and enclosures sent to a claimant appearing pro se at the hearing.") Finally, it appears that the ALJ obtained medical records after the administrative hearing and considered those records in preparing his decision, but failed to provide the plaintiff with an opportunity to comment on those records. The ALJ should have provided the plaintiff with an opportunity to comment on the

records obtained after the hearing.  See e.g. Duran v. Barnhart, 2003 WL 103003, *8 (S.D.N.Y., Jan. 13, 2003)(Commissioner may not "'base a disability decision upon a report obtained after the hearing unless the claimant has been permitted to confront the new evidence.'" (quoting Jasmin v. Callahan, 1998 WL 74290, *4 (S.D.N.Y., Feb.20, 1998)).  Because of the legal errors committed by the ALJ, this case is remanded for a new hearing, and full development of the plaintiff's medical record.

## ONCLUSION

For the reasons set forth above, I deny defendant's motion for judgment on the pleadings, and remand this case to the Commissioner for a new administrative hearing and further development of the medical record.

ALL OF THE ABOVE IS SO ORDERED.


                              S/Michael A. Telesca
                         _____
                              MICHAEL A. TELESCA
                         United States District Court Judge

DATED:    Rochester, New York
          June 2, 2008